E-FILED
Friday, 11 December, 2020 01:51:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cr-40074-SLD-2 |
| | ) | |
| CURTIS DEMETRIUS LAND, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Defendant Curtis Demetrius Land's pro se motion for compassionate release, ECF No. 43, sealed Amended Motion for Compassionate Release, ECF No. 48, counseled Second Amended Motion for Compassionate Release, ECF No. 50, and Motion for Leave to File Exhibits #2, #6 and #7 Under Seal, ECF No. 51 For the reasons that follow, the unsealed motions for compassionate release are DENIED, the sealed motion is MOOT, and the motion for leave to file exhibits under seal is GRANTED.

**BACKGROUND**

Defendant was sentenced to 132 months of imprisonment for distribution of heroin and distribution of heroin resulting in death. *See* Judgment 1–2, ECF No. 36. He is currently serving his sentence at United States Penitentiary ("USP") Thomson in Thomson, Illinois and is scheduled to be released January 13, 2023. *See* Find an inmate, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for Curtis Land) (last visited December 11, 2020). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed the Federal Public Defender to represent Defendant with respect to this motion. *See* May 26, 2020 Text Order. An amended motion was filed by counsel under seal on July 31, 2020, and was refiled on the public

docket as the Second Amended Motion for Compassionate Release on August 16, 2020. The United States opposes Defendant's request for compassionate release. Resp., ECF No. 49.

## DISCUSSION

### I. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### II. Analysis

Defendant argues that he has exhausted his administrative remedies, Second Am. Mot. Compassionate Release 5; that he has established an extraordinary and compelling reason for a sentence reduction because he is at increased risk for severe illness from COVID-19 due to underlying medical conditions, *id.* at 7–11; and that "the §[ ]3553(a) factors weigh in favor of his receiving a compassionate release to home confinement," *id.* at 17–19. The United States argues

that Defendant has not exhausted his administrative remedies and that, though it concedes that Defendant "has at least one medical condition that meets the standard of an extraordinary and compelling consideration in favor of release," his release would be inconsistent with the § 3553(a) factors. *See* Resp. 1.

**a. Exhaustion**

The compassionate release statute contains an exhaustion requirement: before a defendant can bring his own motion for compassionate release, he must ask the warden of his facility to bring such a motion. 18 U.S.C. § 3582(c)(1)(A). The court may grant relief, if warranted, only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Defendant argues that he requested compassionate release from the warden of his facility on June 24, 2020. Second Am. Mot. Compassionate Release 5. He submitted as an exhibit an email he sent to the warden asking for compassionate release. *See* Request to Staff, Second Am. Mot. Compassionate Release Ex. 1, ECF No. 50-1. The United States recognizes this email, but represents that "BOP has no record of such a request from . . . [D]efendant." Resp. 3. Further, United States argues that "there is no indication in the defense exhibit whether the email actually was sent or acknowledged by BOP." *Id.* The Court disagrees—the exhibit clearly bears a date and timestamp that indicates the time it was sent, something that would likely not appear if the email had not been sent. Moreover, the statute does not require BOP to acknowledge the request. Based on the evidence submitted, the Court finds that Defendant did request compassionate release from the BOP and that more than thirty days have passed without action

by the BOP. Therefore, he has met the exhaustion requirement and the Court can consider the merits of the motion.

**b. Merits**

The compassionate release statute directs the Court to make three considerations: 1) whether extraordinary and compelling reasons warrant a sentence reduction; 2) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission"; and 3) whether a reduction would be consistent with the factors listed in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The Seventh Circuit, however, recently held that there is no applicable policy statement with which a sentence reduction must be consistent. *See United States v. Gunn*, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020).

The parties agree that Defendant has established an extraordinary and compelling reason for release because he is at risk for severe illness from COVID-19 due to underlying medical conditions. This Court agrees that a defendant establishes an extraordinary and compelling reason for release if he suffers from an underlying condition that puts him at risk for serious illness or death should he contract COVID-19, *see, e.g.*, *United States v. Zarate*, 2:14-cr-20065 (C.D. Ill. Sept. 18, 2020), and further notes that this is consistent with the Sentencing Commission's "working definition" of extraordinary and compelling reasons, *Gunn*, 2020 WL 6813995, at *2; *see* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii) (providing that extraordinary and compelling reasons for release exist if a defendant suffers from a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"). Here, Defendant undisputedly suffers from at least one condition that the Centers for Disease Control and Prevention ("CDC") recognize as increasing his risk for severe illness from

COVID-19. *See* People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 1, 2020) (obesity and chronic obstructive pulmonary disorder).

This case, then, comes to down to the § 3553(a) factors. These include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

Defendant argues that though his offense was serious and "merited a stiff sentence from this Court," the § 3553(a) factors weigh in favor of him receiving compassionate release. Second Am. Mot. Compassionate Release 18. He has served six years of his eleven-year sentence, is scheduled to be released less than two-and-a-half years from now, "has a spotless institutional record," and "has participated in and completed the residential drug treatment course and other educational courses while in custody." *Id.* Defendant further argues that he is "a broken man and in poor health, and is in no physical condition, nor has he any inclination, to return to any form of criminal activity upon his release." *Id.* He points out that his criminal record consists of six drug-related offenses that did not involve firearms or violence and argues that "[a]ll of his criminal activity occurred during the time of his adult life where he was struggling with cocaine and heroin addiction." *Id.*

The United States argues that, to the contrary, given the seriousness of the offense, the

§ 3553(a) factors weigh against release. Resp. 5. It points to the nature and circumstances of the offense and Defendant's criminal history and drug addiction. *Id.* at 6 ("[R]educing . . . [D]efendant's sentence . . . would undercut the seriousness of the offense, undermine . . . respect for the law, undermine deterrence of similar criminal conduct, and expose the public to possible relapse by . . . [D]efendant into his drug cycle of supporting his drug habit by trafficking in drugs."). The United States argues that Defendant's six years in custody has not been sufficient punishment and that he still has "a significant part of the sentence . . . unserved." *Id.* at 7.

The Court finds, after consideration of the § 3553(a) factors, that releasing Defendant is unwarranted. The nature and circumstances of the offense were certainly serious. Defendant sold heroin to Tyler Corzette and Kyle Hull. *See* Second Revised Presentence Investigation Report ("PSR") ¶ 9, ECF No. 28. Corzette died after injecting the heroin he and Hull bought from Defendant. *Id.* ¶¶ 10–12. Defendant sold heroin to Hull again in a controlled buy and was subsequently arrested. *Id.* ¶¶ 13–14.

Defendant's personal history and characteristics are somewhat mitigating. He completed the residential drug program, has taken educational courses, and has had no disciplinary actions while in BOP custody. And the United States concedes that Defendant "is classified by BOP at the low risk recidivism level." Resp. 3.[1]

Defendant's criminal history, however, is concerning to the Court. He has a long history of drug dealing. Between 1993 and 2006, he had six convictions for selling heroin and crack cocaine. PSR ¶¶ 37–42. In 2002, he was sentenced to six years of imprisonment for unlawful delivery of a controlled substance after he was observed selling suspected drugs and possessed one gram of heroin. *Id.* ¶ 41. He was released in December 2004, but by January 2006, he was

---

[1] Though Defendant is now 57 years old, PSR 3, he was 51 years old when he committed the instant offense, *see id.* at 3; *id.* ¶ 9, so an argument that he has aged out of criminal conduct is not persuasive to the Court.

observed selling suspected drugs again. *Id.* ¶ 42. He was charged with unlawful possession of a controlled substance and sentenced to five years of imprisonment. *Id.* He was released from prison in 2008. *Id.* These terms of imprisonment did nothing to deter Defendant from committing his seventh heroin offense in the instant case.

Moreover, the victim's mother in this case opposes Defendant's release. *See* Victim Statement, ECF No. 55-1. She writes: "I am still living with the loss of my son, Tyler, to a drug overdose. This is something that will never change. [Defendant] was not compassionate to my son or to any of the other people he sold drugs to." *Id.* She acknowledges that "[t]his is a difficult time for everyone," but she does not think Defendant has served enough time. *Id.*

The Court finds that releasing Defendant from incarceration now, after only approximately six years, would undermine the seriousness of the offense, the need to provide specific deterrence, the need to protect the public, the need to promote respect for the law, and the need to provide just punishment. The Court therefore denies Defendant's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

**CONCLUSION**

Accordingly, Defendant Curtis Demetrius Land's pro se motion for compassionate release, ECF No. 43, and counseled Second Amended Motion for Compassionate Release, ECF No. 50, are DENIED. The sealed Amended Motion for Compassionate Release, ECF No. 48, is MOOT because Defendant refiled his amended motion on the public docket. The Motion for Leave to File Exhibits #2, #6 and #7 Under Seal, ECF No. 51, is GRANTED because Defendant's medical records should be sealed

Entered this 11th day of December, 2020.

s/ Sara Darrow

SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE